**HILL, FARRER & BURRILL LLP**
William A. White (Bar No. 121681)
wwhite@hillfarrer.com
Charles G. Bakaly IV (Bar No. 317216)
cbakaly@hillfarrer.com
City National Plaza
515 S. Flower Street, 7th Floor
Los Angeles, California 90071
Telephone: 213.620.0460
Fax: 213.624.4840

**DAY PITNEY LLP**
Naju Lathia (*Admitted Pro Hac Vice*)
nlathia@daypitney.com
Palak Sharma (*Admitted Pro Hac Vice*)
psharma@daypitney.com
8 Sylvan Way
Parsippany, NJ 07054
Telephone: (973) 966-6300
Fax: (973) 966-1015

Attorneys for Defendant
REVVITY HEALTH SCIENCES, INC.
F/K/A PERKINELMER HEALTH
SCIENCES, INC.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DOUGLAS SCOTT,

Plaintiff,

v.

PERKINELMER HEALTH SCIENCES, INC. AKA REVVITY HEALTH SCIENCES, INC. AND DOE 1-10,

Defendants.

Case No. 5:24-cv-03389-SVK

**DEFENDANT REVVITY HEALTH SCIENCES, INC.'S OPPOSITION BRIEF TO PLAINTIFF DOUGLAS SCOTT'S MOTION FOR RELIEF**

Judge: Susan van Keulen

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 5

II. PROCEDURAL HISTORY .......... 5

A. Plaintiff Actively Litigated This Matter .......... 5

B. The Court Granted Summary Judgment on the Merits .......... 7

C. Plaintiff Chose to Attempt Other Recourse .......... 7

III. ARGUMENT .......... 8

A. Plaintiff's Motion Is Untimely .......... 8

B. Plaintiff's Motion Fails on Its Merits .......... 9

1. Plaintiff Is Not Entitled to Relief Pursuant to Rule 60(b)(1) .......... 9

2. Plaintiff Is Not Entitled to Relief Under Rule 60(b)(3) .......... 10

3. Plaintiff Is Not Entitled to Relief Under Rule 60(b)(6) .......... 11

IV. CONCLUSION .......... 12


HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Assured Testing Laboratories LLC v. PerkinElmer Health Sciences, Inc.*, No. 1:25-cv-12336 (D. Mass. Dec. 12, 2025) (Bakaly Decl., Ex. J) .................. 8

*Casey v. Albertson's Inc.*, 362 F.3d 1254 (9th Cir. 2004) .................. 10

*Cmty. Dental Servs. v. Tani*, 282 F.3d 1164 (9th Cir. 2001) .................. 11

*Cummings v. General Motors Corp.*, 365 F.3d 944 (10th Cir. 2004) .................. 9

*Lal v. Cal.*, 610 F.3d 518 (9th Cir. 2010) .................. 11

*Meadows v. Dominican Republic*, 817 F.2d 517 (9th Cir. 1987) .................. 9

*Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441 (9th Cir. 1992) .................. 9

*Plaud v. Spendthrift Farm, Inc.*, 514 U.S. 211 (1995) .................. 7

*Zamora v. Wells Fargo Bank, N.A.*, No. 13–cv–00134, 2014 WL 2093763 (N.D. Cal. 2014) .................. 9

**State Cases**

*Assured Testing Laboratories LLC et al. v. PerkinElmer Health Sciences, Inc. et al.*, No. 2584CV00139 (Mass. Super. Ct. Case Jan. 16, 2025) .................. 8

**Rules**

Fed. R. Civ. P. 60(b) .................. 8

Fed. R. Civ. P. 60(b)(1) .................. 5, 8, 9

Fed. R. Civ. P. 60(b)(3) ........ 5, 8, 10
Fed. R. Civ. P. 60(b)(6) ........ 5, 8, 11
Fed. R. Civ. P. 60(c)(1) ........ 9
Local Civil Rule 16.1(d)(3) ........ 8
Local Rule 7-1(b) ........ 12
Local Rule 16.1 ........ 8
Local Rule 73-1(a) ........ 6

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

## I. INTRODUCTION

Plaintiff's December 9, 2025 motion for extraordinary relief from this Court's final judgment entered against him on December 16, 2025 should be denied. (Dkt. 31 ("Motion" or "Mot.").) His terse three-page Motion and terser one-page supporting declaration are the epitome of "too little, too late." The three grounds he raises under Federal Rule of Civil Procedure 60(b)(1), (3) and (6) are unsupported (and, indeed, contradicted by the record) and, were there any merit to them, should have been raised long ago. The Court should therefore decline Plaintiff's invitation to resurrect his claims, which the Court properly determined last year to be time-barred, and deny the Motion.

## II. PROCEDURAL HISTORY

### A. Plaintiff Actively Litigated This Matter

On March 7, 2024, Plaintiff filed his Complaint *pro se* in California Superior Court, Monterey County. Defendant PerkinElmer Health Sciences, Inc., now known as Revvity Health Sciences, Inc. ("Revvity"), removed the action to this Court on June 5, 2024. (Dkt. 1.) The Complaint asserted three fraud claims, two implied warranty claims, and a claim for rescission and restitution. (*Id.* at Ex. A ("Compl.") at ¶¶ 76-140.) Though Plaintiff premised his claims on purchase agreements executed in 2018 between Revvity and American Biotech Testing, Inc. ("ABT"), which Plaintiff owned and ran as CEO, Plaintiff brought the claims in his own name. (Compl. ¶¶ 38, 71, 97, 110, 135 & Ex. 4; Dkt. 11-2, ¶¶ 6-8, Exs. A-C.)[1]

Plaintiff actively engaged in this litigation after removal. For example, on June 6, 2024, Revvity's counsel Charles G. Bakaly IV communicated with Plaintiff using the email address listed on the face of the Complaint regarding Revvity's deadline to answer. (Declaration of Charles G. Bakaly IV ("Bakaly Decl.") ¶ 2 & Ex. A.) On June

[1] Plaintiff now admits ABT, not he, was party to the transactions. (Dkt. 31-1 at ¶ 10.)

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

14, 2024, pursuant to Local Rule 73-1(a), Revvity filed its consent to a magistrate judge presiding and served Plaintiff the same day. (Dkt. 9; Dkt. 9 at 2; Bakaly Decl., ¶ 3 & Ex. B.) By email dated June 18, 2024, Mr. Bakaly provided Plaintiff with a blank form for his convenience. (Bakaly Decl., ¶ 3 & Ex. B.) On June 20, 2024, Plaintiff responded by email that he was in the process of setting up his PACER account. (*Id.*) On July 1, 2024, Plaintiff e-filed his own consent. (Bakaly Decl., ¶ 6; Dkt. 18.) Plaintiff's ECF account was linked to the same email address listed in the Complaint and with which Mr. Bakaly had successfully communicated with him. (Bakaly Decl., ¶ 11 & Ex. G.) This was also the email address that Mr. Scott had routinely used for business communications, as reflected in the exhibits he attached to his Complaint. (*See* Dkt. 1.)

On June 26, 2024, Revvity moved to dismiss the Complaint on the alternative grounds that Plaintiff lacked standing and that his claims were time-barred under applicable statutes of limitations. (Dkt. 11.) Plaintiff did not file a response by the July 10, 2024 deadline. Instead, following emails with Mr. Bakaly, Plaintiff belatedly moved to extend the missed deadline, successfully e-filing that request. (Bakaly Decl. ¶¶ 7-8 & Ex. E; Dkt. 21.) The Court allowed Plaintiff to file his opposition by August 6, 2024. (Dkt. 23.) On August 6, 2024, Plaintiff e-filed his opposition to the motion to dismiss. (Dkt. 24.) Revvity timely filed its reply on August 13. (Dkt. 25.)[2] Despite having had no obligation to do so now that Plaintiff had registered for ECF, Revvity served its reply papers upon Plaintiff by email. *See* Civ. Local R. 5-1(b). (Bakaly Decl. ¶ 10 & Ex. F.)

/ / /

/ / /

[2] There was no docket activity on August 8, 2024. (*Contra* Mot. at 2 ¶ 9 (cryptically asserting failure to contact Plaintiff "after 'Standing' was vacated on August 8, 2024").)

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

### B. The Court Granted Summary Judgment on the Merits

On October 9, 2024, the Court informed the parties via ECF that it was considering converting the motion to dismiss to one for summary judgment and directed Plaintiff to submit by October 31, 2024 any supplemental briefing and any evidence to refute Revvity's evidence concerning the dates of instrument delivery and installation relevant to Revvity's statute of limitations defense. (Dkt. 28.)

On December 16, 2024, having received nothing further from Plaintiff, the Court nonetheless deemed it appropriate to convert the motion to dismiss to one for summary judgment, after finding that it had "afforded Plaintiff the chance to present his own evidence on the question of delivery and installation dates" and that "Plaintiff also could have addressed Defendant's evidence on that question in his Opposition," which he had filed by ECF on August 6, 2024. (Dkt. 29 at 4.) The Court then analyzed Revvity's limitations defense on the merits and entered judgment for Revvity on that basis. (Dkt. 29 & 30.) The Court did not reach "Revvity's other argument that Plaintiff lacks standing to pursue his claims." (Dkt. 29 at 3 n.4.)[3]

### C. Plaintiff Chose to Attempt Other Recourse

Plaintiff did not file a timely appeal or motion for reconsideration.[4] Instead, he authorized ABT and another entity to pursue claims against Revvity, which they did in January 2025 by joining an action filed by dozens of other plaintiffs in

---

[3] Plaintiff mischaracterizes the judgment as having been based on standing. (Mot. at 2.) The Court's ruling was on the merits. *See generally Plaud v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) (holding that dismissal based on limitations grounds is a judgment on the merits). Plaintiff's standing was never resolved.

[4] Plaintiff's declaration states that he "learned of [the final judgment] only after the entry" but fails to say when or how he did so and makes no claim that he did not receive the Court's December 16, 2024 ECF notices in a timely way. (Dkt. 31-1 ¶ 6.) Though he claims to have had "technical difficulties with PACER/electronic filing, including delays and inability to receive electronic notifications" (*id.* ¶ 4), Plaintiff fails to explain the 16-month delay between his opposition to the motion to dismiss and his current Motion.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

Massachusetts. (*See* Complaint, *Assured Testing Laboratories LLC et al. v. PerkinElmer Health Sciences, Inc. et al.*, No. 2584CV00139 (Mass. Super. Ct. Case Jan. 16, 2025)) (Bakaly Decl., ¶ 12, Ex. H).) On April 30, 2025, the defendants in that action moved to dismiss many of the plaintiffs' claims. Among the grounds raised in that motion, the defendants argued that the ABT entities' claims are time barred and that the ABT entities are precluded from arguing otherwise by the judgment this Court had entered in Scott's case months earlier. (*See* Defs.' Mem. of Law in Supp. of Their Mot. for Partial Dismissal of the Compl., *Assured Testing Laboratories LLC et al. v. PerkinElmer Health Sciences, Inc. et al.*, No. 2584CV00139 (Mass. Super. Ct. Case Apr. 30, 2025)) (Bakaly Decl., ¶ 12, Ex. I).) Though Plaintiff's Motion and declaration omit mention of the Massachusetts action in which the ABT entities are represented by counsel, Plaintiff has thus been on constructive notice of Revvity's defense based on the December 16, 2024 judgment in this case since at least April 2025.[5]

Plaintiff nonetheless delayed more than another 7 months until December 9, 2025, 51 weeks after this Court entered its judgment against him, to seek relief pursuant to Rule 60(b).

## III. ARGUMENT

### A. <u>Plaintiff's Motion Is Untimely</u>

Plaintiff seeks relief pursuant to Rule 60(b), subsections (1), (3), and (6). As a threshold matter, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the

[5] The Massachusetts action was removed to federal court in July 2025. On December 12, 2025, the plaintiffs in that action filed a certification pursuant to D. Mass. Local Civil Rule 16.1(d)(3), which Plaintiff signed as the authorized representative of the ABT plaintiffs. (Pls.' Local Rule 16.1 Certification, *Assured Testing Laboratories LLC v. PerkinElmer Health Sciences, Inc.*, No. 1:25-cv-12336 (D. Mass. Dec. 12, 2025) (Bakaly Decl., ¶ 12, Ex. J).)

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Though Plaintiff's December 9 motion was brought one week before the one-year cutoff for relief under subsections (1) and (3), it was not "made within a reasonable time."[6] *Cummings v. General Motors Corp.*, 365 F.3d 944, 954 (10th Cir. 2004) ("“However, [a] motion is not timely merely because it has been filed within one year of the judgment."); *Meadows v. Dominican Republic*, 817 F.2d 517, 520-21 (9th Cir. 1987) ("Such a motion may be denied, although it was filed within the one year period, if the district court finds that the defendant was guilty of laches or unreasonable delay."). Plaintiff fails to explain his delay, which should be fatal to his motion, particularly in view of his constructive knowledge of the judgment at least seven months before he sought relief. *See Zamora v. Wells Fargo Bank, N.A.*, No. 13–cv–00134, 2014 WL 2093763, at *3 (N.D. Cal. 2014) (finding 4-month delay in filing a Rule 60(b)(1) motion to be unreasonable because movant failed to explain the reason for the delay after learning that the case was dismissed).

### B. Plaintiff's Motion Fails on Its Merits

Even if the Motion had been timely, it should be denied. The Motion fails to justify the relief sought on any of the grounds raised.

#### 1. Plaintiff Is Not Entitled to Relief Pursuant to Rule 60(b)(1)

Plaintiff is not entitled to relief pursuant to Rule 60(b)(1) because he has failed to demonstrate "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see Mt. Graham Red Squirrel v. Madigan,* 954 F.2d 1441, 1463, 1463 n.35 (9th Cir. 1992). The record squarely refutes any assertion that he did not receive

[6] Plaintiff's Motion incorrectly asserts that judgment was entered on December 6, 2024. (Dkt. 31.) His unsigned Motion, which was filed on December 9, 2025, is inexplicably dated December 4, 2025 (*id.*), and his declaration signed under penalty of perjury even more inexplicably says that it was "[e]xecuted this 24th day of December 2025." (Dkt. 31-1.)

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

emails, including ECF notices.[7] Indeed, after first missing the deadline to oppose Revvity's motion to dismiss, he moved for extension of time and e-filed his opposition within the reset deadline, demonstrating that he received the Court's order granting his request. Plaintiff makes no claim that he did not receive the Court's subsequent invitation to supplement the record. To the extent he suggests that he did not timely receive notice from the Court of its ruling granting summary judgment and of the Court's final judgment, Plaintiff neither provides evidence to explain when and how he learned of those events nor explains his implied failure to check the docket for more than a year after filing his opposition papers on August 6, 2024—despite Revvity's express reliance in April 2025 on this Court's judgment in the Massachusetts action Plaintiff authorized in the interim.

### 2. Plaintiff Is Not Entitled to Relief Under Rule 60(b)(3)

To prevail under Rule 60(b)(3), Plaintiff "must prove by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting [its case]." *Casey v. Albertson's Inc.,* 362 F.3d 1254, 1259-60 (9th Cir. 2004). Plaintiff fails to meet this standard. Indeed, his Motion fails even to identify misconduct by Revvity, let alone provide evidence thereof. His supporting declaration conclusorily states only: "Defendants' filings misrepresented facts about the discovery of their fraudulent acts. Supporting documentation and evidence exists contradicting their declarations." (Dkt. 31-1 ¶ 8.)[8] He identifies neither a single filing

[7] On June 6, June 12, June 14, June 18, June 26, June 27, July 18, July 22, and August 13, 2024, Revvity's counsel served filings on Plaintiff and communicated with him by email at the email address listed on the face of the Complaint. (Dkts. 1-2, 2, 6 at 3, 7, 9 at 2, 11 at 30, 16 at 8, 22 at 2–3; Bakaly Decl., ¶¶ 2-5, 7, 10 & Exs. A-F.) On July 1, July 22, and August 6, 2024, Plaintiff e-filed documents on the docket using his PACER account. (Dkts. 18, 21, 24.)

[8] Plaintiff's Motion also asserts that Revvity "failed to properly notify Plaintiff of hearings or filings" (Mot. at 2), but this is neither a ground for relief under Rule

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

with any misrepresented fact nor any misrepresented fact in any filing. He fails to explain why he did not avail himself of the opportunity the Court expressly afforded him in October 2024 to submit any such contradicting evidence. And he fails as well, even now, to present any such evidence.

**3. Plaintiff Is Not Entitled to Relief Under Rule 60(b)(6)**

Finally, Rule 60(b)(6) should be used only "sparingly as an equitable remedy to prevent manifest injustice." *Lal v. Cal.*, 610 F.3d 518, 524 (9th Cir. 2010) (citation modified). As Plaintiff now admits that it was ABT that purchased instruments from Revvity, he personally lacks standing to pursue the claims he seeks to revive. (Dkt. 31-1 ¶ 10.) He thus defeats his own motion before even considering its claims. In any event, to receive relief under Rule 60(b)(6), Plaintiff "must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute [his case]'" or "circumstances beyond his control that prevented him from proceeding with" the action properly. *Lal*, 610 F.3d at 524 (alteration in original) (internal quotations omitted); *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2001). This he fails utterly to do.

Plaintiff's only argument is that the judgment was entered "without due process" as "no hearing occurred," purportedly depriving Plaintiff "of an opportunity to be heard." (Mot. at 2.) Yet, Plaintiff opposed the motion to dismiss (after belatedly requesting and being granted an extension of time), and the Court then invited him, before converting that motion to one for summary judgment, to supplement his opposition. Plaintiff does not explain why he failed to do so. On October 9, 2024, the

---

60(b)(3) nor is it accurate. Manifestly, Plaintiff received Revvity's motion to dismiss, as he opposed it on August 6, 2024. To the extent Plaintiff claims he did not receive the Court's October 2024 invitation to supplement the record or the Court's subsequent ruling, Rule 60(b)(3) provides no basis for relief. The Court "determined that [Revvity's motion was] suitable for resolution without oral argument." (Dkt. 29 at 1.)

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

Court informed the parties of its intention to convert the motion to dismiss to one for summary judgment and directed that, "[i]f Plaintiff disputes the accuracy of the delivery dates of the instruments as implied by Revvity's evidentiary submissions," Plaintiff submit a further brief by October 31, 2024, along with "documentary evidence or declarations supporting his position regarding the actual delivery dates." (Dkt. 28 at 1-2.) The Court even provided a free guide on self-representation and encouraged Plaintiff to seek free legal assistance from the Legal Help Center. (Dkt. 28 at 2.)

Court rules provide: "In the Judge's discretion … a motion may be determined without oral argument." Civil Local Rule 7-1(b). Consistent with this rule, the Court expressly determined that Revvity's motion was "suitable for resolution without oral argument." (Dkt. 29 at 1.) Then, more than a month after Plaintiff's deadline had expired, having also expressly found that Plaintiff had been afforded adequate opportunities to present his case, the Court granted summary judgment because Plaintiff's claims were time-barred. (Dkt. 29 at 4, 5-11.) These circumstances do not demonstrate "extraordinary circumstances" that prevented Plaintiff from presenting his case.

## IV. CONCLUSION

Because Plaintiff's motion is tardy and unsupported, Revvity respectfully requests that the Court deny Plaintiff's Motion for Relief from Judgment.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

DATED: December 23, 2025

HILL, FARRER & BURRILL LLP



By: ______________________________
William A. White
Charles G. Bakaly IV
Attorneys for Defendant
REVVITY HEALTH SCIENCES, INC. F/K/A PERKINELMER HEALTH SCIENCES, INC.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

# PROOF OF SERVICE

**Douglas Scott v. PerkinElmer Health Services, Inc.**
**Case No.: 5:24-cv-03389-SVK**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is City National Plaza, 515 S. Flower Street 7th Floor, Los Angeles, CA 90071.

On December 23, 2025, I served true copies of the following document(s) described as:

**DEFENDANT REVVITY HEALTH SCIENCES, INC.'S OPPOSITION BRIEF TO PLAINTIFF DOUGLAS SCOTT'S MOTION FOR RELIEF**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address spadilla@hillfarrer.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 23, 2025, at Los Angeles, California.

Sonia Padilla

Sonia Padilla

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

# SERVICE LIST

**Douglas Scott v. PerkinElmer Health Services, Inc.**
**Case No.: 5:24-cv-03389-SVK**

Douglas A. Scott
90 Seaview Dr.
Santa Barbara, CA 93108
E-mail: dougscott@live.com