**HILL, FARRER & BURRILL LLP**
William A. White (Bar No. 121681)
wwhite@hillfarrer.com
Charles G. Bakaly IV (Bar No. 317216)
cbakaly@hillfarrer.com
City National Plaza
515 S. Flower Streeet, 7th Floor
Los Angeles, California 90071
Telephone: 213.620.0460
Fax: 213.624.4840

**DAY PITNEY LLP**
Naju Lathia (*Admitted Pro Hac Vice*)
nlathia@daypitney.com
Palak Sharma (*Admitted Pro Hac Vice*)
psharma@daypitney.com
8 Sylvan Way
Parsippany, NJ 07054
Telephone: (973) 966-6300
Fax: (973) 966-1015

Attorneys for Defendant
REVVITY HEALTH SCIENCES, INC.
F/K/A PERKINELMER HEALTH
SCIENCES, INC.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DOUGLAS SCOTT,

Plaintiff,

v.

PERKINELMER HEALTH SCIENCES, INC. AKA REVVITY HEALTH SCIENCES, INC. AND DOE 1-10,

Defendants.

Case No. 5:24-cv-03389-SVK

**DECLARATION OF CHARLES G. BAKALY IV IN SUPPORT OF DEFENDANT REVVITY HEALTH SCIENCES, INC.'S OPPOSITION BRIEF TO PLAINTIFF DOUGLAS SCOTT'S MOTION FOR RELIEF**

Judge: Susan van Keulen

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

# DECLARATION OF CHARLES G. BAKALY IV

I, Charles G. Bakaly IV, declare as follows:

1. I am an attorney with Hill, Farrer & Burrill LLP, attorneys of record for Defendant REVVITY HEALTH SCIENCES, INC. F/K/A PERKINELMER HEALTH SCIENCES, INC. ("Revvity"). I make this declaration in support of Revvity's Opposition to Plaintiff DOUGLAS SCOTT's ("Plaintiff") Motion for Relief from Final Judgment. Dkt. 31. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

2. On June 6, 2024, I called Plaintiff on the phone number listed on the caption page of Plaintiff's Complaint: (805) 403-4856. Plaintiff did not answer my call and I left him a voicemail message. That same day, I sent an email to Plaintiff at the email address listed on the caption page of Plaintiff's Complaint: dougscott@live.com. In that email, I advised Plaintiff that our firm represented Revvity and I asked him to call me on my direct line. On June 7, 2024, I sent another email to Plaintiff to request a brief two-week extension of time for Revvity to respond to Plaintiff's Complaint. I advised Plaintiff that, under the Northern District of California's Local Rules, the parties were allowed to agree to an extension by which Revvity must respond, so long as the parties discuss the extension and confirm the extension in writing. Later that day, Plaintiff responded to my email and confirmed his agreement to the extension request. I then responded to Plaintiff's email and sent him a copy of the parties' Stipulation to Extend the Time Within Which Defendant is Required to Answer or Otherwise Respond to the Complaint, as signed by my colleague and Revvity's counsel of record, William A. White ("White"). *See* Dkt. 6. True and correct copies of the above-referenced email correspondence are attached as **Exhibit A**.

3. On June 14, 2024, White's legal secretary, Sonia Padilla ("Padilla"), served Plaintiff via email with a signed copy of Revvity's Consent or Declination to

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

Magistrate Judge form pursuant to Civil Local Rule 73-1(a) ("Revvity's Consent Form"). That same day, Padilla filed Revvity's Consent Form. Dkt. 9. On June 18, 2024, I sent an email to Plaintiff in which I reminded him that Padilla had previously served him with a copy of Revvity's Consent Form. I also advised Plaintiff that, pursuant to Magistrate Judge Susan van Keulen's Civil and Discovery Referral Matters Standing Order, "each party must file written consent to the jurisdiction of a magistrate judge or a written request for reassignment to a district judge as soon as possible but no later than the deadlines specified in Civil Local Rule 73-1(a)." I further advised Plaintiff that, according to the Court's docket entry from June 5, 2024, the parties were required to file their consent or declination by June 19, 2024. Dkt. 3. I attached to my email copies of (1) Judge van Keulen's Civil and Discovery Referral Matters Standing Order, (2) Local Rule 73-1, and (3) a blank copy of the Consent or Declination to Magistrate Judge form. Later that day, Plaintiff responded to my email, stating simply: "Thank you." On June 20, 2024, I sent an email to Plaintiff acknowledging that our office had received a copy of Plaintiff's Consent or Declination to Magistrate Judge form ("Plaintiff's Consent Form") the previous evening. I advised Plaintiff that I had just checked the Court's docket and noticed that Plaintiff's Consent Form had not been filed. I then asked Plaintiff if he would like our office to file Plaintiff's Consent Form on his behalf since the June 19, 2024, deadline had since passed. Later that day, Plaintiff responded to my email, stating: "I notified the court that the documents had been sent to your office. The PACER offices were closed yesterday and today I completed the form to use PACER. The court indicated that they will notify me when I can send the forms to them via PACER." True and correct copies of the above-referenced email correspondence are attached as **Exhibit B**.

4. On June 26, 2024, my legal secretary, Ana Villar ("Villar"), served Plaintiff via email with copies of Revvity's Notice of Motion and Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Code of Civil Procedure Sections 12(b)(1)

and 12(b)(6) (the "Motion to Dismiss") and accompanying filings. Dkts. 11-11-5. A true and correct copy of the above-referenced email correspondence is attached as **Exhibit C**.

5. On June 27, 2024, Villar served Plaintiff via email with a copy of Revvity's Notice of Errata in Revvity's Motion to Dismiss. Dkt. 16. That same day, I emailed Plaintiff and advised that Revvity's Motion to Dismiss, as previously filed and served, mistakenly indicated that the hearing on the Motion to Dismiss was to be held on Monday, August 26, 2024, at 10:00 a.m. I then advised Plaintiff that the correct hearing date for the Motion to Dismiss was Tuesday, August 27, 2024, at 10:00 a.m., as indicated in Revvity's Notice of Errata as filed and served by Villar earlier that day. True and correct copies of the above-referenced email correspondence are attached as **Exhibit D**.

6. On July 1, 2024, Plaintiff e-filed his own consent to proceed with Magistrate Judge jurisdiction. Dkt. 18.

7. On July 18, 2024, Plaintiff sent an email to Villar, copying me, White, and Padilla, requesting an extension to file an opposition to Revvity's Motion to Dismiss. A true and correct copy of the above-referenced email correspondence is attached as **Exhibit E**.

8. On July 22, 2024, Plaintiff e-filed a request to extend his time to file his opposition to Revvity's Motion to Dismiss. Dkt. 21.

9. The Court granted Plaintiff's request for an extension and granted Plaintiff until August 6 to file his opposition and Revvity until August 13 to file a reply. On August 6, 2024, Plaintiff e-filed his Opposition. Dkt. 23.

10. On August 13, 2024, despite having had no obligation to do so because Plaintiff had registered for ECF, Villar served Revvity's reply papers upon Plaintiff by email. A true and correct copy of the email serving Mr. Scott with courtesy papers is attached as **Exhibit F.**

11. My review of the Court's docket shows that Plaintiff's ECF account

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

was linked to the same email address with which he had successfully communicated with me and which was listed on the caption page of Plaintiff's Complaint: dougscott@live.com. Plaintiff's email address was also listed in ECF email notices generated from docket filings and activity. For example, on July 3, 2024, our office received an electronic notice from the Court regarding the Clerk's notice of the Court's vacating the September 3, 2024, Case Management Conference pending its ruling on Revvity's Motion to Dismiss (the "EFC Notice"). Dkt 19. The EFC Notice listed Plaintiff's email address as dougscott@live.com. A true and correct copy of the EFC Notice is attached as **Exhibit G**.

12. In or around January 2025, Plaintiff authorized American Biotech Testing, Inc. ("ABT") and another entity to pursue claims against Revvity, which they did in January 2025 by joining an action filed by dozens of other plaintiffs in the Commonwealth of Massachusetts. (*See* Complaint, *Assured Testing Laboratories LLC et al. v. PerkinElmer Health Sciences, Inc. et al.*, No. 2584CV00139 (Mass. Super. Ct. Case Jan. 16, 2025) (the "Massachusetts action").) On April 30, 2025, the defendants in the Massachusetts action moved to dismiss many of the plaintiffs' claims. Among the grounds raised in that motion, the defendants argued that the ABT entities' claims are time barred and that the ABT entities are precluded from arguing otherwise by the judgment this Court had entered in Plaintiffs' case months earlier. (*See* Defs.' Mem. of Law in Supp. of Their Mot. for Partial Dismissal of the Compl., *Assured Testing Laboratories LLC et al. v. PerkinElmer Health Sciences, Inc. et al.*, No. 2584CV00139 (Mass. Super. Ct. Case Apr. 30, 2025).) The Massachusetts action was removed to federal court in July 2025. On December 12, 2025, the plaintiffs in that action filed a certification pursuant to D. Mass. Local Civil Rule 16.1(d)(3), which Plaintiff signed as the authorized representative of the ABT plaintiffs. (Pls.' Local Rule 16.1 Certification, *Assured Testing Laboratories LLC v. PerkinElmer Health Sciences, Inc.*, No. 1:25-cv-12336 (D. Mass. Dec. 12, 2025) (the "Federal action"). In preparing this

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

Declaration, I accessed the docket of the Massachusetts action via the Mass.gov website and entering the Massachusetts action's case number (2584CV00139). I also accessed the docket of the Federal action via the Court's CM/ECF system and entering the Federal action's case number (1:25-cv-12336). A true and correct copy of the Complaint in the Massachusetts action, which I was able to review and download from the Mass.gov website, is attached as **Exhibit H**. A true and correct copy of Defendants' Memorandum of Law in Support of Their Motion for Partial Dismissal of the Complaint in the Massachusetts action, which I was able to review and download from the Mass.gov website, is attached as **Exhibit I**. A true and correct copy of Plaintiffs' Local Rule 16.1 Certification in the Federal action, which I was able to review and download from the Court's CM/ECF system, is attached as **Exhibit J**. As stated in Revvity's concurrently filed Request for Judicial Notice, Revvity asks the Court to take judicial notice of Exhibits H through J.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 23rd day of December, 2025, at Los Angeles, California.

Charles G. Bakaly IV

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

# PROOF OF SERVICE

**Douglas Scott v. PerkinElmer Health Services, Inc.**
**Case No.: 5:24-cv-03389-SVK**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is One California Plaza, 300 S. Grand Avenue, 37th Floor, Los Angeles, CA 90071-3147.

On December 23, 2025, I served true copies of the following document(s) described as:

**DECLARATION OF CHARLES G. BAKALY IV IN SUPPORT OF DEFENDANT REVVITY HEALTH SCIENCES, INC.'S OPPOSITION BRIEF TO PLAINTIFF DOUGLAS SCOTT'S MOTION FOR RELIEF**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address spadilla@hillfarrer.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 23, 2025, at Los Angeles, California.

Sonia Padilla

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

# SERVICE LIST

**Douglas Scott v. PerkinElmer Health Services, Inc.**
**Case No.: 5:24-cv-03389-SVK**

Douglas A. Scott
90 Seaview Dr.
Santa Barbara, CA 93108
E-mail: dougscott@live.com