UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS A. SCOTT, <br><br> Plaintiff, <br><br> v. <br><br> PERKINELMER HEALTH SCIENCES, INC., <br><br> Defendant. | Case No.  24-cv-03389-SVK <br><br> **ORDER GRANTING IN PART MOTION TO DISMISS AND CONVERTING IN PART MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT AND GRANTING SUMMARY JUDGMENT** <br><br> Re: Dkt. No. 11 |

Defendant moves to dismiss all six of self-represented Plaintiff's claims.  *See* Dkts. 11 (the "Motion"), 24 (the "Opposition"), 25.  Plaintiff and Defendant have consented to the jurisdiction of a magistrate judge, and the Court has determined that the Motion is suitable for resolution without oral argument.  *See* Dkts. 9, 18; Civil Local Rule 7-1(b).  For the reasons set forth below, the Court **GRANTS IN PART** Defendant's Motion to Dismiss and **DISMISSES** three of Plaintiff's claims for lack of standing and **CONVERTS IN PART** the Motion into one for summary judgment and **GRANTS** summary judgment to Defendant the three remaining claims.[1]

## I.    BACKGROUND

### A.    Factual History

The following discussion of background facts is based on the allegations contained in the complaint.  *See* Dkt. 1, Ex. A (the "Complaint").  In 2017, Plaintiff operated two "cannabis testing" laboratories in Salinas, California.  *See id.* ¶¶ 10, 12.  In 2018, he purchased three "instruments" for the laboratories from Defendant:  (1) the QSight 220; (2) the Flexar-HPLC; and

---

[1] The Court's prior Order resolving the Motion was **VACATED** on April 10, 2026, pursuant to the Court's Order on Plaintiff's Rule 60(b) motion for relief from final judgment.  This Order replaces and corrects a legal error in the Court's prior order, while re-instating those portions of the Court's decision which were not affected by the error.

United States District Court<br>Northern District of California

(3) the NexION-ICP/MS. *See id.* ¶¶ 11, 86, 97, 110. In purchasing the instruments, Plaintiff relied on representations by Defendant about the instruments' functionality and capabilities. *See id.* ¶¶ 65, 86. Plaintiff subsequently encountered issues with the instruments such that they did not conform to Defendant's representations. *See id.* ¶¶ 73-75. He then commenced this action in the Superior Court for the County of Monterey on March 11, 2024, to recover from Defendant for its alleged misrepresentations in connection with its sale of the instruments.[2] *See id.* ¶¶ 76-140. Defendant later removed the action to this Court. *See* Dkt. 1.

As Defendant points out and Plaintiff does not dispute, the orders for equipment were placed by Plaintiff on behalf of American Biotech Testing, Inc. ("ABT"), "which Plaintiff owned and ran as CEO." Dkt. 32 at 5 (Defendant's opposition); Dkt. 11-2, Exs. A-C (Sales Order Confirmations); Dkt. 31-1, ¶¶ 9-10 (declaring that "American Biotech Testing, Inc. held the contracts at issue, discovered fraud later, and continues to pursue claims in a pending RICO group action in Massachusetts."). Nonetheless, Plaintiff brought the fraud, implied warranty, and rescission claims in his own name in this case. *See* Dkt. 1, Ex. A.

### B.    Relevant Procedural History

Upon initial review of the briefing, the Court observed that Defendant moved to dismiss all of Plaintiff's claims for, *inter alia*, exceeding the scope of the relevant statutes of limitations. *See* Motion at 19-28. In broaching this argument, Defendant relied on evidence outside the Complaint regarding the dates on which it delivered and installed the instruments and implicitly invited the Court to entertain converting the Motion into one for summary judgment so that the Court could properly consider that extrinsic evidence.[3] *See id.* at 19-20; Dkt. 11-3. The Court consequently

---

[2] Plaintiff also purchased a fourth instrument, the Torian T9 Portable GC (which he also refers to as "Torion"), from Defendant. *See* Complaint ¶¶ 11, 86. But he offers relatively few allegations about that specific instrument or issues he encountered with it, and so it does not appear that he bases any of his claims on the purchase of that instrument. *See id.* ¶¶ 11, 39. Defendant raises this precise issue in the Motion (*see* Motion at 12 n.3), and Plaintiff does not address it in the Opposition. The Court, therefore, understands Plaintiff's claims to concern his purchases of only the QSight 220, Flexar-HPLC and NexION-ICP/MS.

[3] The invitation is implicit in that Defendant cites to *Jablon v. Dean Witter & Company*, 614 F.2d 677 (9th Cir. 1980), for the proposition that "even if [a statute-of-limitations] defense does not appear on the face of the complaint, it can still be raised by a motion to dismiss accompanied by

issued an order in which it:  (1) noted that converting the Motion into one for summary judgment "may be appropriate here"; (2) offered Plaintiff an opportunity to present his own evidence about the instruments' delivery and installation dates; and (3) cautioned Plaintiff that if he did "not file any supplemental submission by the deadline, [then] the Court w[ould] construe that failure to submit as a concession regarding the accuracy of the dates."  *See* Dkt. 28 at 1-2.  Plaintiff never submitted a supplemental filing on the issue.

## II.    DISCUSSION

Plaintiff brings six claims in connection with the instruments' alleged failure to conform with Defendant's representations:

- Three claims for fraud and deceit under Section 1709 of the California Civil Code.[4]  *See* Complaint ¶¶ 76-113.

- Two claims for breaches of the implied warranties of merchantability and fitness.  *See id.* ¶¶ 114-33.

- One claim for rescission and restitution.  *See id.* ¶¶ 134-40.

Defendant argues that Plaintiff fails to state any of his claims because all of them are time barred under the applicable statutes of limitations.  *See* Motion at 19-28.  Defendant also puts forth a brief argument that Plaintiff lacks standing to bring any of the claims and that such claims must be brought, if at all, by ABT.  Dkt. 11 at 17-18.  "[A] federal court generally may not rule on the

---

affidavits."  *See* Motion at 20 (citing *Dean Witter*, 614 F.2d at 682) (quotation marks omitted). Defendant does not expressly discuss converting the Motion into one for summary judgment in the context of analyzing its statute-of-limitations defense, but a close reading of the *Dean Witter* decision clarifies that the Court could consider Defendant's evidence in connection with evaluating that defense only by converting the Motion into one for summary judgment.  *See Dean Witter*, 614 F.2d at 682; *accord McGee v. Cnty. of Riverside*, No. 21-cv-01821-JVS, 2022 WL 2168885, at *1 (C.D. Cal. Apr. 20, 2022).

[4] In the Complaint, Plaintiff refers to Section 1710 instead of Section 1709 in connection with his fraud-and-deceit claims.  Section 1709 prohibits engaging in willful deception, while Section 1710 provides four definitions of deceit "within the meaning of" Section 1709.  *See* Cal. Civ. Code §§ 1709-10.  Plaintiff cites to three of those definitions in connection with his fraud-and-deceit claims, and so the Court understands Plaintiff to actually be pursuing three claims under Section 1709, with each of the three claims corresponding to a different definition of deceit under Section 1710.  *See* Complaint ¶¶ 76-113 (citing Cal. Civ. Code §§ 1710(1)-(3)).

United States District Court
Northern District of California

United States District Court
Northern District of California

merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). "[A] dismissal on statute-of-limitations grounds is 'a judgment on the merits.'" *Baiul-Farina v. Lemire*, 804 F. App'x 533, 538 (9th Cir. 2020) (quoting *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995)). Accordingly, prior to turning to Defendant's statute-of-limitations defense, the Court evaluates whether Plaintiff has standing to bring, and the Court has jurisdiction to hear, this case.

### A.    Plaintiff Lacks Standing to Bring Claims for Breach of Implied Warranties and Rescission, but May Assert Personal Claims for Fraud

The Court agrees in part with Defendant's argument that Plaintiff lacks standing. Plaintiff is not a party to the sales agreements submitted by Defendant and, accordingly, does not have standing to *personally* pursue his claims for breach of the implied warranties of merchantability and fitness. *Cf. Pulver v. Battelle Mem'l Inst.*, 536 F. App'x 730 (9th Cir. 2013) ("The district court properly dismissed the action because [the plaintiff] was not a party to the contract in his individual capacity and lacked standing to maintain the corporate plaintiff's breach of contract claim in his individual capacity following the dismissal of the corporate plaintiff."). Plaintiff similarly does not have standing to pursue rescission of the sales agreement in his personal capacity. Accordingly, Defendant's motion to dismiss Plaintiff's Fourth, Fifth and Sixth Claims for lack of standing is **GRANTED without leave to amend**.

However, fraud claims, unlike contract claims, are personal to the individual who was deceived. *See, e.g.*, *Vicentini v. Tillster, Inc.*, No. 22-cv-1148-L-JLB, 2023 WL 3573886, at *3 (S.D. Cal. May 19, 2023) ("[T]ort claims sounding in fraud are '[q]uintessential examples of personal claims.'"); *Pulver v. Avco Fin. Servs.*, 182 Cal. App. 3d 622, 640, 227 Cal. Rptr. 491, 501 (Ct. App. 1986) ("[T]he plaintiff is the person to whom the misrepresentation must have been made, and it is the plaintiff who must have relied on the misrepresentation to his damage."). Plaintiff submits that "Revvity's employees directed their representations to me personally, cultivating a relationship with me over more than a year of in-person meetings, phone calls, and conferences," and that he "suffered individual financial harm apart from American Biotech

Testing, Inc.," incurring "liability as the personal guarantor of the leases for the instruments, unlike other shareholders." Plaintiffs' Reply Decl., ¶¶ 24-25; *see also* Dkt. 1, Ex. A, ¶¶ 30, 31, 38, 50, 51 and 53 (detailing the specific meetings). Accordingly, while Plaintiff does not have standing to pursue American Biotech Testing, Inc.'s ("ABT") claims for fraud, he does have standing to pursue his own claims for fraud. Thus, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss for lack of standing on this ground, dismissing Plaintiff's claims only to the extent he seeks to assert ABT's claims rather than his own.

### B.    The Court Will Convert the Remainder of the Motion Into a Motion for Summary Judgment

A Rule 12(b)(1) standing challenge may be asserted either facially on the allegations or factually. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). When reviewing a factual Rule 12(b)(1) challenge, the court may look beyond the complaint to matters of public record "without having to convert the motion into one for summary judgment", (*id.*), and "may consider evidence like declarations submitted by the parties," *O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1178 (N.D. Cal. 2022), *aff'd,* 62 F.4th 1145 (9th Cir. 2023). Accordingly, the Court need not and does not convert the Motion into one for summary judgment to the extent it resolves the Motion based on Defendant's standing arguments.

This is not the case, however, for a defense based on the statute of limitations. In this context, a district court may convert a motion to dismiss for failure to state a claim into one for summary judgment where a party presents, and the district court does not exclude, "matters outside the pleadings." *See* Fed. R. Civ. P. 12(d). "[T]he most important consideration in determining whether to convert a motion to dismiss into a motion for summary judgment is whether the opposing party has had sufficient opportunity to conduct discovery and present meaningful evidence opposing the motion." *Chung v. Intellectsoft Grp. Corp.*, No. 21-cv-03074-JST, 2023 WL 5615456, at *4 (N.D. Cal. Aug. 30, 2023) (citation omitted). The decision whether to convert rests within a district court's discretion. *See Burgess v. City & Cnty. of S.F.*, No. 91-15084, 1992 WL 26545, at *2 (9th Cir. Feb. 18, 1992).

Here, for purposes of addressing Defendant's statute-of-limitations defense, conversion of

United States District Court
Northern District of California

the Motion into one for summary judgment is appropriate for three reasons.

***First***, the Court afforded Plaintiff a chance to present his own evidence on the question of delivery and installation dates, which is relevant to the statute-of-limitations defense. Plaintiff also could have addressed Defendant's evidence on that question in his Opposition.

***Second***, Plaintiff does not require an opportunity to conduct discovery to meaningfully address Defendant's evidence; the evidence concerned the dates on which Defendant delivered and installed the instruments at Plaintiff's laboratories, and that is information that is within Plaintiff's knowledge.

***Third***, as discussed below, consideration of Defendant's evidence may result in a case-dispositive outcome on this Motion, which counsels in favor of considering that evidence now. *See, e.g.*, *Leftridge v. Matthews*, No. 11-cv-03499-ELH, 2013 WL 5467724, at *10 (D. Md. Sept. 30, 2013) ("If my review of the Video left substantial areas of factual uncertainty, conversion under Rule 12(d) might not be warranted. But, in this case, the Video is dispositive of virtually all of the genuinely material facts. Accordingly, I will exercise my discretion to consider the Motion under a summary judgment standard.").

Accordingly, the Court will convert in part the Motion into one for summary judgment.

### C.      Resolution of the Remaining Claims Under the Summary-Judgment Standard

#### 1.      Legal Standard

A party may move for summary judgment on any claim or defense or for partial summary judgment on part of any claim or defense. *See* Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* Material facts are those "that might affect the outcome of the suit under the governing law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See id.* Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial,'" and where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec.*

6

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted).

The moving party:

always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, where the moving party would bear the burden of persuasion at trial (*e.g.*, where the moving party seeks summary judgment on its own claim or defense), the moving party must establish "beyond controversy every essential element of its" claim or defense. *See S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (citation omitted). If the moving party meets its burden, the burden then shifts to the non-moving party to "demonstrat[e that] the evidence, taken as a whole, could lead a rational trier of fact to find in its favor." *See id.* (citation omitted).

Where the moving party would not bear the burden of persuasion at trial (*e.g.*, where the moving party seeks summary judgment on the non-moving party's claim or defense), the moving party:

has both the initial burden of production and the ultimate burden of persuasion . . . . In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact.

*See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (citations omitted). If the moving party meets its burden, "the nonmoving party must produce evidence to support its claim or defense [sufficient] . . . to create a genuine issue of material fact." *See id.* at 1103 (citations omitted).

In evaluating a motion for summary judgment, "[t]he court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *See City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (citation

7

omitted).  But even under this favorable standard, "the non-moving party must come forward with more than 'the mere existence of a scintilla of evidence.'"  *See Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (citation omitted).

### 2.    Threshold Issues

As a preliminary matter, the Court sets forth two principles relevant to its analysis of the statue-of-limitations defense.

### a.    Accrual Of Claims And The "Discovery Rule" Exception

A statute of limitations begins to run once a cause of action accrues, and, generally, a cause of action accrues "when, under the substantive law, the wrongful act is done, or the wrongful result occurs, and the consequent liability arises."  *See Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999) (quotation marks and citation omitted).  "An important exception to the general rule of accrual is the 'discovery rule,' [also known as the 'delayed discovery rule,'] which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action."  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005) (citations omitted).  Put differently, the discovery rule "only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action."  *See id.*  A plaintiff has inquiry notice "when [she] suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her."  *See Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110 (1988).  Of course, the discovery rule does not automatically apply in every action; to invoke the rule, a plaintiff must "show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence."  *See Fox*, 35 Cal. 4th at 808 (citation omitted).

////

////

////

////

////

////

////

8

### b.    COVID-Era Tolling

Because of the COVID-19 pandemic, California tolled the statutes of limitations for civil causes of action that exceed 180 days for a 178-day period between April and October 2020.  *See Marinelarena v. Allstate Northbrook Indem. Co.*, No. 22-55344, 2023 WL 3033498, at *1 n.2 (9th Cir. Apr. 21, 2023).

### 3.    Fraud-And-Deceit Claims

A three-year statute of limitations governs Plaintiff's fraud-and-deceit claims under Section 1709 of the California Civil Code.  *See* Cal. Civ. Proc. Code §§ 338(a), (d); *see, e.g.*, *Diaz v. Nationstar Mortg. LLC*, No. 23-cv-01531-DOC, 2023 WL 8896271, at *5 (C.D. Cal. Nov. 30, 2023) (applying Section 338's three-year statute of limitations to Section 1709 claim).  And under Section 338(d) of the California Code of Civil Procedure, those claims accrue "when the plaintiff suspected *or should have suspected* that an injury was caused by wrongdoing."  *See Vera v. REL-BC, LLC*, 66 Cal. App. 5th 57, 69 (1st Dist. Div. 4 2021) (citations omitted).  The injury here stems from the instruments' failure to conform to Defendant's representations, and Plaintiff alleges that the instruments failed to conform to Defendant's representations "within 2 months of the installation."  *See* Complaint ¶¶ 65, 127.  Although Plaintiff does not allege when Defendant installed the instruments, Defendant's unrebutted evidence establishes that Defendant installed the final instrument in August 2019.  *See* Dkt. 11-3 ¶ 7.

Thus, the instruments failed to conform with Defendant's representations by no later than October 2019 (two months after the final installation), and Plaintiff should have suspected wrongdoing at that time.  *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("A plaintiff is on inquiry notice of its fraud claims when he learns, or at least is put on notice, that a representation [is] false." (quotation marks and citation omitted)); *see, e.g.*, *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1058-59 (9th Cir. 2008) (plaintiff had inquiry notice of fraud claim once it "had a basis to question [the defendant's] representations"); *see also In re Brocade Commc'ns Sys., Inc. Derivative Litig.*, 615 F. Supp. 2d 1018, 1045 (N.D. Cal. 2009) ("Sections 1709 and 1710 of the California Civil Code are codifications of common-law fraud and negligent misrepresentation." (citation omitted)).  Adding three years (the statute-of-

limitations period) and 178 days (the COVID-era tolling period) to October 2019 (the date of accrual) results in an April 2023 deadline for Plaintiff to bring his fraud-and-deceit claims, which predates the March 11, 2024 commencement of this action.

Plaintiff argues that accrual should be delayed (presumably under the discovery-rule exception) because a variety of issues prevented him from "recogniz[ing] flaws" in the instruments until as late as January 2021. *See* Opposition at 10-11 (describing, *inter alia*, treatment Plaintiff received for cancer, time spent litigating a different lawsuit and stress and anxiety "diminishing [Plaintiff's] cognitive abilities"). Even if the Court agreed with Plaintiff and applied the discovery rule, doing so would not extend the accrual date of his fraud-and-deceit claims beyond October 2019 because, in calculating the October 2019 accrual date, the Court already applied the discovery rule. As a reminder, the discovery rule merely delays a claim's accrual until the moment when a plaintiff is on inquiry notice. Section 338(d) of the California Code of Civil Procedure does the same thing for fraud claims: it extends their accrual until a plaintiff is on inquiry notice. The Court applied that Section 338(d) standard above when it determined that Plaintiff's fraud-and-deceit claims accrued in October 2019—when he was on inquiry notice of potential misrepresentations two months after Defendant installed the instruments—and so the Court has already applied the discovery rule. *See also Nelson v. PHH Mortg. Corp.*, No. 23-15069, 2024 WL 810440, at *2 (9th Cir. Feb. 27, 2024) (discovery rule is automatically applied to fraud claims under Section 338(d)). Thus, the issues that plagued Plaintiff that he enumerates in the Opposition do not extend the accrual of his fraud-and-deceit claims beyond October 2019 under the discovery-rule exception. Rather, the Court has already applied that exception, and doing so is how the Court arrived at the October 2019 accrual date in the first place.

Plaintiff also explains that he did not "discover legal issues with [Defendant's] instruments" until he "encountered two labs that were suing [Defendant] in February and March 2021." *See* Opposition at 11; *see also* Complaint ¶ 68 (third-party laboratory "informed [Plaintiff] in March 2021, that [Defendant] committed fraud"). Again, however, the relevant question concerns inquiry notice, and Plaintiff was certainly on notice of potential misrepresentations

10

before he learned others were already suing Defendant. *See also Fox*, 35 Cal. 4th at 807 ("Rather than examining whether the plaintiffs suspect facts supporting each specific legal element of a particular cause of action, we look to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them."). Indeed, once "suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." *See Jolly*, 44 Cal. 3d at 1111.

The Court recognizes that "when a plaintiff actually discovered or reasonably should have discovered the facts for purposes of the delayed discovery rule is a question of fact" that may evade resolution at the summary-judgment stage. *See Ovando v. Cnty. of L.A.*, 159 Cal. App. 4th 42, 61 (2d Dist. Div. 3 2008) (citation omitted). But where the facts "are susceptible of only one legitimate inference, summary judgment is proper." *See Jolly*, 44 Cal. 3d at 1112 (citation omitted). Plaintiff does not dispute Defendant's evidence demonstrating that installation of the instruments occurred in August 2019 at the latest, and he affirmatively alleges that the instruments failed to conform to Defendant's representations two months later (October 2019). The "only one legitimate inference" that the Court can reach from these facts is that, by October 2019, Plaintiff should have suspected that Defendant presented him false representations. *See Hamilton*, 494 F.3d at 1207 ("All that is relevant is that a reasonable person . . . would have been on notice of a potential misrepresentation. This is the date that the complaining party learns, or at least is put on notice, that a representation is false." (citation omitted)). His fraud-and-deceit claims, therefore, accrued at that time, and the statute-of-limitations period subsequently lapsed in April 2023 before he commenced this action.

Accordingly, Plaintiff's fraud-and-deceit claims are time barred.

## III. CONCLUSION

For the foregoing reasons, the Court resolves the Motion as follows:

- The Court **GRANTS IN PART** the Motion and **CONVERTS IN PART** the Motion into one for summary judgment;

////

////

////

11

- The Court **GRANTS IN PART** and **DENIES IN PART** the Motion for lack of standing: Plaintiff's claims for breach of implied warranties and for rescission are dismissed, as well as his claims for ABT's losses due to fraud, while his *personal* claims for *personal* losses due to fraud are not dismissed on standing grounds;  and
- The Court **GRANTS** summary judgment to Defendant on the fraud-and-deceit claims insofar as they are brought to vindicate Plaintiff's personal injury.
- In sum, all six of Plaintiff's claims are dismissed as reasoned above.

**SO ORDERED**

Dated: April 10, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

12